PEOPLE *ex rel.* O'REILLY *v.* McCLAVE *et al.,* Police Commissioners.

*(Supreme Court, General Term, First Department.* February 11, 1891.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

    Degrees of intoxication cannot be considered by the general term in reviewing the dismissal of a patrolman from the police force upon a charge of being intoxicated and unfit for duty.

*Certiorari* on the relation of Patrick O'Reilly to review the action of the police commissioners of the city of New York in dismissing relator from the police force.

    Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

    *Louis J. Grant,* for relator.  *John J. Delaney,* for respondents.

VAN BRUNT, P. J.  The relator, a patrolman, was charged with intoxication, the specification being that he was intoxicated and unfit for duty while at the central office.  He was tried, and the charge adjudged to be true, and the relator was dismissed from the police force.  It is claimed upon the part of the relator that he was not so much intoxicated as to be unfit for duty, and he bases this claim upon the evidence of the police surgeon, who testified that at the time when he examined him—an hour and a half after his intoxication was discovered—he was not so much intoxicated as to be unfit for duty; and that, if he was intoxicated at all, it must have been in a slight degree.  The idea of the police surgeon, from his evidence, seems to have been that the relator was not unfit for duty because he could walk.  The evidence upon the part of the officers who saw the relator before the police surgeon would seem to lead to the inference that he was considerably under the influence of liquor; and it may have been the opinion of the commissioners, as it is ours, that an officer who is intoxicated at all is unfit for duty.  The mere fact that he can walk has but little to do with it.  The evidence is conclusive that this man was intoxicated to some extent, and, being so, he was clearly unfit for duty; and if the commissioners allowed men under the influence of liquor to go upon duty, or men intoxicated in the slightest degree, we think they would be guilty of dereliction of duty, as no intoxicated man is to be intrusted with the supervision and the lives of his fellow-citizens.  Degrees in the matter of intoxication cannot be considered.  We think the writ should be dismissed, with costs.  All concur.